# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHOAIB ALAMGIR, | ) |
| Plaintiff | ) |
| vs. | ) Civil Action No. 2:10-cv-00306-NBF |
| | ) Judge Nora Barry Fischer |
| JANET NAPOLITANO, | ) |
| Secretary of the | ) |
| Department of Homeland Security | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

**I. Introduction**

Plaintiff brings this suit under the Mandamus Act, 28 U.S.C. § 1361 and the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1) seeking to compel Defendant to adjudicate his naturalization application in a timely manner. (Docket No. [1]) (hereinafter, "Complaint"). The Department of Homeland Security's U.S. Citizenship and Immigration Services (hereinafter, "USCIS") subsequently denied Plaintiff's Application for Naturalization on May 10, 2010. (Docket Nos. [3] at 2, [5] at 2). Presently before the Court is Defendant's Motion to Dismiss the Plaintiff's Complaint for lack of subject matter jurisdiction, or in the alternative, Motion for Summary Judgment. (Docket No. [2]). For the following reasons, Defendant's Motion to Dismiss is GRANTED.

## II. Factual Background

This action stems from Plaintiff's attempt to adjust his immigration status from that of permanent resident to that of U.S. citizen through the naturalization process. (Docket No. [1] at ¶ 1).

Plaintiff, a citizen of Pakistan, alleges that he has been a permanent resident in the United States since November 12, 2002.[1] (*Id.* at ¶¶ 4, 6). Pursuant to 8 U.S.C. § 1427, Plaintiff filed an Application for Naturalization (Form N-400) on October 10, 2008, with USCIS. (*Id.* at ¶ 6). On November 26, 2008, the USCIS Application Support Center in Alexandria, Virginia obtained Plaintiff's biometrics. (*Id.* at ¶ 9). Because Plaintiff's background check was still pending, his March 2009 interview at the USCIS office in Fairfax, Virginia was canceled. (*Id.* at ¶ 10). On July 30, 2009, Plaintiff filed a change of address (Form AR-11) with USCIS. (*Id.* at ¶ 11). Plaintiff moved from Virginia to Pittsburgh, Pennsylvania on August 1, 2009, where he currently resides. (*Id.* at ¶¶ 4, 12).

On September 11, 2009, the Fairfax USCIS office scheduled a second interview for Plaintiff on Monday, September 28, 2009. (*Id.* at ¶ 13). However, the interview was canceled on Friday, September 25, 2009, because Plaintiff's background/security check was still pending. (*Id.*). During a phone conversation on September 28, 2009, an FBI agent informed Plaintiff that his FBI fingerprinting was completed and submitted to USCIS on November 28, 2008. (*Id.* at ¶ 15).

In September of 2009, Plaintiff attended an INFOPASS appointment at the USCIS Pittsburgh Field Office and was informed that his case would be transferred to Pittsburgh. (*Id.* at

---

[1] Defendant alleges that Plaintiff did not lawfully obtain his permanent resident status. (Docket No. [3-2] at 6).

¶ 14). During another INFOPASS appointment on October 29, 2009, at the Pittsburgh USCIS office, Plaintiff was informed that his security check was still pending. (*Id.* at ¶ 16).

On March 5, 2010, Plaintiff initiated this suit alleging that Defendant failed to adjudicate his naturalization application within a reasonable time. (*Id.* at ¶ 25). In his Complaint, Plaintiff seeks an Order directing Defendant to "properly and timely adjudicate his naturalization application" and providing detailed reasons of denial, if his application were denied.[2] (*Id.* at ¶ 27).

On April 22, 2010, Plaintiff appeared for an interview regarding his application. (Docket No. [3-2] at 2). Subsequently, on May 10, 2010, the USCIS denied Plaintiff's Application for Naturalization and provided Plaintiff with a seven-page explanation detailing the reasons for the denial. (Docket Nos. [3] at 2, [3-2]). Defendant determined that Plaintiff failed to meet the statutory requirement of lawful residence and good moral character because he (1) spent 481 days outside the United States traveling to Pakistan and Dubai; (2) has used numerous aliases; and (3) has an extensive criminal history.[3] (Docket No. [3] at 2).

On May 26, 2010, Plaintiff filed a Request for a Hearing on a Decision in Naturalization Proceedings (Form N-336) with USCIS. (Docket Nos. [5] at 1, [6] at 3). The USCIS has 180 days to conduct this hearing. 8 C.F.R. § 336.2(b). Currently, Plaintiff's administrative hearing request is pending and a final determination has not yet been issued. (Docket No. [6] at 3).

---

[2] Plaintiff relies on *Yu v. Brown*, which held that Immigration and Naturalization Services (INS) has a "non-discretionary, mandatory duty to act on Plaintiffs' applications." *Yu v. Brown*, 36 F. Supp. 2d 922, 931 (D.N.M. 1999).

[3] In his response, Plaintiff alleges he did not spend 481 days outside the U.S. during the past five years and does not have an extensive criminal history. Plaintiff also claims that cultural and language barriers resulted in misspellings of his name, which in turn were mistaken as aliases. ((Docket No. [5] at 2-4).

3

### III. Procedural History

In response to Plaintiff's Complaint, Defendant filed a Motion to Dismiss, or alternatively, a Motion for Summary Judgment and Brief in Support on May 14, 2010, arguing that the case is moot as Plaintiff's application was adjudicated and denied on May 10, 2010. (Docket Nos. [2] and [3]) (hereinafter, "Defendant's Motion"). On June 4, 2010, Plaintiff filed his Response and Brief in Opposition to Defendant's Motion admitting the adjudication and denial, but claiming the matter still represents an actual pending case or controversy. (Docket No. [5]). On June 9, 2010, Defendant filed its Reply Brief in support of the Motion to Dismiss for lack of subject matter jurisdiction. (Docket No. [6]). Subsequently, on June 14, 2010, Plaintiff filed a Sur-Reply Brief regarding Defendant's Motion. (Docket No. [9]).

As stated above, the issue before this Court is whether the Complaint in its entirety is moot, thus depriving the Court of jurisdiction. Because Plaintiff received the relief he requested in his initial Complaint and has not yet exhausted his administrative remedies with regard to his request for naturalization, the Court finds that Plaintiff's mandamus claim is moot and Plaintiff's Administrative Procedure Act claim is not yet ripe. There being no active case or controversy, Plaintiff's Complaint is dismissed.

### IV. Applicable Legal Standard

Before the Court is the Defendant's Motion to Dismiss the Plaintiff's Complaint for lack of subject matter jurisdiction, or in the alternative, Motion for Summary Judgment. "A motion to dismiss under Rule 12(b)(1) is the appropriate vehicle to adjudicate the procedural question of subject matter jurisdiction rather than a motion for summary judgment, which goes to the merits of an action." *Medtronic Ave., Inc. v. Boston Sci.Corp.*, Civ. A. No.98-478-SLR, 2004 U.S. Dist. LEXIS 7073, at *5 (D. Del. Apr. 5, 2004). Because the Court finds that the present matter is not

4

an active case or controversy, the Court is deprived of jurisdiction and will not consider Defendant's Motion for Summary Judgment. *See Freeman v. Herman*, Civ. A. No. 98-2649, 1998 U.S. LEXIS 18645, at *6 (E.D.Pa. Nov. 24, 1998), *aff'd*, 181 F.3d 85 (3d Cir. 1999).

Article III of the United States Constitution restricts the jurisdiction of federal courts to "cases and controversies." *Weiss v. Regal Collections*, 385 F.3d 337, 340 (3d Cir. 2004) (citing U.S. CONST. art III § 2; *Flast v. Cohen*, 392 U.S. 83, 94 (1968)). As a result, federal courts may dismiss a complaint for lack of subject matter jurisdiction under Rule 12(b)(1). FED. R. CIV. P. 12(b)(1); *e.g., Gershenzon v. Gonzalez*, Civ. A. No. 07-109, 2007 WL 2728535, at *1 (W.D.Pa. Sept. 17, 2007). When subject matter jurisdiction is challenged under Rule 12(b)(1), the Plaintiff bears the burden of persuasion. *DeGenes v. Murphy*, Civ. A. No. 07-1370, 2008 WL 450426, at *2 (W.D.Pa. Feb. 15, 2008) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)). "Without jurisdiction the court cannot proceed at all in any case." *Mitova v. Chertoff*, Civ. A. No. 07-2631, 2007 WL 4373045, at *2 (E.D.Pa. Dec. 13, 2007) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)). When evaluating a 12(b)(1) Motion to Dismiss, the court must distinguish between facial attacks and factual attacks. *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

When a defendant attacks a complaint on its face, he "[asserts] that considering the allegations of the complaint as true[,] and drawing all reasonable inferences in favor of [plaintiff], the allegations of the complaint are insufficient to establish a federal cause of action." *Mullen v. Thompson*, 155 F.Supp. 2d 448, 451 (W.D.Pa. 2001). On the other hand, a factual challenge "attack[s] the existence of subject matter jurisdiction in fact." *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). "When a defendant launches a factual attack on subject matter jurisdiction, 'no presumptive truthfulness attaches to plaintiff's

allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.'" *DeGenes*, 2008 WL 450426, at *2 (quoting *Mortensen*, 549 F.2d at 891). Presently before the Court is the Defendant's factual challenge to subject matter jurisdiction. (Docket No.[3] at 3).

## V. Whether This Court Has Jurisdiction Over Plaintiff's Claims

Plaintiff is alleging jurisdiction under the Mandamus Act and the Administrative Procedure Act. (Docket No. [1] at ¶ 1). Defendant, however, argues Plaintiff's "Complaint for Mandamus and Declaratory Relief" must be dismissed in its entirety as moot because Plaintiff (1) has already received the requested relief; and (2) has not exhausted his administrative remedies regarding his naturalization application. (Docket Nos. [3] at 1, [3-2] ). In response, Plaintiff asserts that the present matter is an active case or controversy because Plaintiff filed a Request for a Hearing on a Decision in Naturalization Proceedings with USCIS on May 26, 2010. (Docket Nos. [5] at 1, [6] at 3). To analyze the issues presented by this case the Court now turns to pertinent substantive case law and statutory authority.

**A. Naturalization Law**

Federal courts do not have the authority to confer citizenship. *I.N.S. v. Panglinan*, 486 U.S. 875, 883-84 (1988). An alien seeking "rights as a member of this Nation can rightfully obtain them only upon terms specified by Congress." *Id.* (quoting *United States v. Ginsberg*, 243 U.S. 472, 474 (1917)).

In order to be eligible for citizenship, a lawful permanent resident alien must (1) reside continuously in the United States for five years; (2) reside continuously in the United States from the date of filing the application until admission to citizenship; and (3) exhibit good moral character. 8 U.S.C. § 1427(a). Moreover, the naturalization process requires an alien applicant to

6

complete the four-step process: (1) complete the Application for Naturalization (Form N-400); (2) undergo an investigation and background check; (3) appear for an examination/interview with an immigration officer who has the discretion to grant or deny the application; and (4) take the administrative oath of allegiance if approved. 8 U.S.C. § 1446; *Palamarachouk v. Chertoff*, 568 F. Supp. 2d 460, 465 (D. Del. 2008). When evaluating naturalization applications, USCIS has "some but not unfettered discretion." *Elhaouat v. Mueller*, Civ. A. No. 07-632, 2007 WL 2332488, at *3 (E.D.Pa. Aug. 9, 2007).

The USCIS has a "non-discretionary duty" to adjudicate applications, even though the decision to adjust an alien's status is within the agency's discretion. *Gershenzon*, 2007 WL 2728535, at *4. The Third Circuit has not addressed whether USCIS must adjudicate applications in a specific time frame and "there is no statutory or regulatory provision compelling adjudication within a certain time period." *Li v. Gonzalez*, Civ. A. No. 06-5911, 2007 WL 1303000, at *6 (D.N.J. May 3, 2007). However, like many other Third Circuit district courts, this Court has held that USCIS has a duty to act within a reasonable time frame. *Gershenzon*, 2007 WL 2728535, at *5; *See, e.g., Duan v. Zamberry*, Civ. A. No. 06-1351, 2007 U.S. Dist. LEXIS 12697, at *11-12 (W.D.Pa. Feb. 23, 2007); *Palamarachouk*, 568 F. Supp. 2d at 466-67; *Kaplan v. Chertoff*, 481 F. Supp. 2d 370, 399 (E.D.Pa. 2007); *Gizaw v. Dep't of Homeland Security*, Civ. A. No. 09-CV-0051, 2009 WL 3615045, at *2 (D.N.J. Oct. 28, 2009) (quoting *Song v. Klapakas*, Civ. A. No. 06-05589, 2007 U.S. Dist. LEXIS 27203, at *9-10 (E.D.Pa. Apr. 12, 2007)).

An alien plaintiff aggrieved by the USCIS decision is entitled to a hearing on his naturalization application before an immigration officer under 8 U.S.C. § 1447(a). At this hearing, the plaintiff may present witnesses and evidence supporting his application. 8 U.S.C.

§ 1447(d). The USCIS has 180 days to conduct this hearing. 8 C.F.R. § 366.2(b). A district court is permitted to exercise judicial review only after this time period has expired and any administrative appeal has been considered. 8 U.S.C. § 1421(c).

Plaintiff contends that USCIS failed to "take appropriate action [regarding] ... Plaintiff's naturalization application and overall immigration file." (Docket No. [9] at 2). However, USCIS did hold a hearing and did reach a determination. (Docket No. [3-2] at 3). Once the action demanded by Plaintiff is completed, this Court is deprived of jurisdiction over that claim. Moreover, Plaintiff's hearing before an immigration officer is still pending and this Court does not have jurisdiction over a case under administrative review. Because this Court does not have jurisdiction over the present matter, it cannot address Plaintiff's arguments regarding the denial of his naturalization application.

**B. Mandamus Relief Under 28 U.S.C. § 1361**

Under the Mandamus Act, Plaintiff seeks to compel Defendant to "properly and timely adjudicate his naturalization application" and "provide Plaintiff with detailed reasons of denial, if his application is denied." (Docket No. [1] at ¶ 27).

The Mandamus Act provides that, "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. A court will only contemplate relief under § 1361 after a plaintiff has "exhausted all other avenues of relief." *C & S Mfg., Inc. v. Napolitano*, Civ. A. No. 09-653, 2010 WL 571797, at *5 (E.D.Pa. Feb. 18, 2010) (quoting *Harmon Cove Condo. Ass'n v. Marsh*, 815 F.2d 949, 951 (3d Cir. 1987)). Only "where a legal duty 'is positively commanded and so plainly prescribed as to be free from doubt,'" is mandamus appropriate relief. *Dolgosheev v. United States Citizenship and*

*Immigration Services*, Civ. A. No. 07-1019, 2008 WL 2950766, at *14 (W.D.Pa. July 25, 2008) (quoting *Appalachian States Low-Level Radioactive Waste Com'n v. O'Leary*, 93 F.3d 103, 112 (3d Cir.1996)). When an issue is no longer an active controversy, the case is moot. *See Zhuo Zhang v. Chertoff*, Civ. A. No. 06cv1140, 2006 U.S. Dist. LEXIS 82110, at *3 (W.D.Pa. Nov. 9, 2006) (quoting *Florida Pub. Interest Research Lobby, Inc., v. E.P.A.,* 386 F.3d 1070, 1086 (11th Cir. 2004)).

While many immigrants in the United States have filed cases alleging unnecessary delays in the naturalization process, their claims become moot as "the case winds through the Court" and the applicants become naturalized. *Palamarachouk*, 568 F. Supp. 2d at 465. The *Palamarachouk* court held that a claim against the FBI director was moot because the plaintiff's background investigation was completed following the filing of the Complaint. *Id.* at 466. More recently in *Chang v. Holder*, the New Jersey District Court held that a case is moot "[w]here the plaintiff seeks only an order that the government take a specific action and the government takes that action." *Chang v. Holder*, Civ. A. No. 09-1983, 2010 U.S. Dist. LEXIS 823, at *3 (D.N.J. Jan. 6, 2010).

Here, Plaintiff filed his Application for Naturalization on October 10, 2008, and interviewed with USCIS on April 22, 2010. (Docket Nos. [1] at ¶ 6, [3-2] at 2). Since Plaintiff filed his Complaint for Mandamus on March 5, 2010, USCIS adjudicated and denied Plaintiff's naturalization application and provided Plaintiff with a seven-page explanation detailing the reasons for denial. (Docket Nos. [1], [3], [3-2]). Defendant has submitted Plaintiff's N-400 Application for Naturalization and the Denial of Naturalization letter dated May 10, 2010. (Docket Nos. [3-1], [3-2]). These documents show that Plaintiff's request has been satisfied. The Court finds that because Plaintiff's sole request for relief has been granted, "there is nothing left

9

for this Court to remedy by way of a writ of mandamus." *Ariwodo v. Hudson*, Civ. A. No. H-06-1907, 2006 WL 2729386, at *3 (S.D. Tex. Sept. 25, 2006).

**C. Administrative Procedure Act**

Pursuant to the Administrative Procedure Act ("APA"), Plaintiff requests that this Court retain jurisdiction over the present matter because Plaintiff has sought an administrative appeal through a hearing before an immigration officer. (Docket No. [6] at 1).

The APA, however, does not independently create federal jurisdiction. *Palamarachouk*, 568 F. Supp. 2d at 466. Rather, the APA governs judicial review of agency judgments. *Id.* For example, a reviewing court may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). "To support APA jurisdiction, the agency action must be final, it must adversely affect the party seeking review, and it must be non-discretionary." *C & S Mfg., Inc.*, 2010 WL 571797, at *4 (quoting *Pinho v. Gonzales*, 432 F.3d 193, 200 (3d Cir. 2005)). Moreover, "a claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a ***discrete*** agency action that it is ***required to take***." *Id.* (quoting *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004) (emphasis in original)).

Plaintiff does not dispute that his Complaint only requested that Defendant "properly and timely adjudicate his naturalization application," and provide detailed reasons if his application were denied. (Docket No. [1] at ¶ 27). Plaintiff also does not dispute that Defendant denied his application on May 10, 2010, and provided him with a seven-page explanation detailing the reasons for the denial. (Docket No. [5] at 2). Nevertheless, Plaintiff alleges that a "live case or controversy" remains because he filed a Request for a Hearing on a Decision in Naturalization Proceedings with USCIS on May 26, 2010. (Docket Nos. [5] at 1, [6] at 3).

"Federal courts have found that claims are moot or unripe in immigration mandamus

10

actions to compel action by an agency once the agency begins to spin its bureaucratic cogs toward decision." *Markandu v. Thompson*, Civ. A. No. 07-4538, 2008 U.S. Dist. LEXIS 46136, at *7 (D.N.J. June 10, 2008). In *Markandu* the New Jersey District Court held that an immigration mandamus action was moot because the USCIS denied the plaintiff's application for permanent residency. *Id.* The court reasoned that the "decision reached by the USCIS render[ed] . . . the entire case moot," even though the plaintiff could contest the adverse adjudication through further administrative procedures. *Id.* Likewise, in *Ariwodo v. Hudson* the Southern District of Texas held that a plaintiff's mandamus action was moot upon issuance of an intent to deny letter. *Ariwodo v. Hudson*, Civ. A. No. H-06-1907, 2006 WL 2729386, at *3 (S.D. Tex. Sept. 25, 2006). While the adverse decision was not final, the *Ariwodo* court opined that the letter was an adjudication on the merits. *Id.*; *see also Markandu,* 2008 U.S. Dist. LEXIS 46136, at *7 (quoting *Ordonez-Garay v. Chertoff*, Civ. A. No. F 06-1835, 2007 U.S. Dist. LEXIS 76434, at * 10 (E.D. Cal. Oct. 3, 2007) (holding that "[a]n action fails on ripeness grounds when the complaint seeks to address contingent future events that may not occur as anticipated, or indeed may not occur at all.").

This Court finds that Plaintiff's naturalization application has been fully adjudicated on the merits, but Plaintiff can pursue his desired relief through his pending administrative hearing before an immigration officer pursuant to 8 U.S.C. § 1447(a) and 8 C.F.R. § 366.2. (Docket No. [6] at 3). Therefore, until Plaintiff has exhausted his administrative remedies–which Plaintiff has yet to do–judicial review under the APA is unavailable, and this Court lacks jurisdiction to consider his claims.

Plaintiff further contends that "judicial oversight" is necessary because "there is potential for Plaintiff to be forced to wait an indefinite . . . amount of time . . . before a final decision is

11

made on his application." (Docket. No. [9] at 4). This argument is flawed. Plaintiff's speculation about possible future delays in obtaining a decision regarding his citizenship is "simply not ripe for adjudication." *Ordonez-Garay,* 2007 U.S. Dist. LEXIS 76434, at * 10. Thus, this Court does not have jurisdiction and cannot grant Plaintiff his request for relief.

**VI.      Conclusion**

Because the Court finds that (1) USCIS did exactly what Plaintiff requested; and (2) the case is still within the appropriate time period for administrative review before an immigration hearing officer, Defendant's Motion to Dismiss under 12(b)(1) is GRANTED. An appropriate order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: July 8, 2010
cc/ecf: All counsel of record.